UNITED STATES of America, Plaintiff–Appellee,

v.

**Chi Fa CHAN, Defendant–Appellant.**

No. 97–3073.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 27, 1998.

Decided Feb. 19, 1998.

---

face value of counterfeit travelers' checks, see 18 U.S.C. § 513(a), reserving a right to appeal from the denial of his motion to suppress.

In *Robinette* the defendant argued that the lack of a clear break in the process following completion of ticketing—such as explicit advice that the driver was free to leave—made the consent involuntary. In this case the defendant argued that the lack of a clear break in the process following completion of ticketing—such as explicit advice that the driver was free to leave—converted the traffic stop, initially lawful, into an unlawful arrest, which spoils the validity of any later consent. These are just two ways of making the same argument, and should not affect either analysis or outcome.

Defendant chose the "unlawful arrest" characterization because it has the arguable advantage (from the perspective of a defendant who has lost in the district court) of enlarging the appellate role, given the holding of *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), that courts of appeals must decide for themselves whether a search or seizure not supported by a warrant was "reasonable." Voluntariness of a consent, by contrast, is a question of fact, whose resolution by the trier of fact is subject to deferential appellate review. *Robinette*, —— U.S. at ——, 117 S.Ct. at 421; *Schneckloth v. Bustamonte*, 412 U.S. 218, 248–49, 93 S.Ct. 2041, 2059, 36 L.Ed.2d 854 (1973); *United States v. Sholola*, 124 F.3d 803, 818 n. 16 (7th Cir.1997); *United States v. Shelby*, 121 F.3d 1118, 1120 (7th Cir.1997); *United States v. Stribling*, 94 F.3d 321 (7th Cir.1996); *United States v. Yusuff*, 96 F.3d 982 (7th Cir.1996). Recasting the argument the driver made in *Robinette* as a contention that the custody became unlawful adds nothing substantive because, no matter how the point is made, it is subject to the Court's observation in *Robinette*, —— U.S. at ——, 117 S.Ct. at 421, that the propriety of a consent to search depends on the totality of the circumstances rather than any mechanical approach. Recasting therefore does not affect the standard of appellate review.

Peggy A. Lautenschlager, Larry Wsalek (argued), Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Norman D. Singleton (argued), Hertel & Gibbs, Eau Claire, WI, for Defendant–Appellant.

Before ESCHBACH, COFFEY and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

This case differs from *Ohio v. Robinette*, —— U.S. ——, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996), only in emphasis. *Robinette* and this case alike arise from lawful traffic stops for speeding that ended in consents to search, which led to incriminating evidence. In each case, after the ticketing process was completed, the police officer sought and obtained consent to a search of the car. In each case what turned up made conviction inevitable unless the evidence were suppressed. Chi Fa Chan pleaded guilty to possessing $22,700

The district court found that "a reasonable person would not have believed that he was being detained following the conclusion of the traffic stop. A reasonable person would have felt free to decline to answer the trooper's questions, decline the request for a search or to terminate the brief encounter and drive away." As propositions about "reasonable persons" and therefore about the propriety of detention, such statements ordinarily would be reviewed under the approach of *Ornelas*. But in the context of cases like this one, which begin with a lawful traffic stop, see *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), and supposedly became unlawful only when the stop is extended by the time it takes to request consent, they mean no more than that the consent was voluntary. That is a proposition of fact and not clearly erroneous. The validity of the consent follows directly.

AFFIRMED.